UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BBK TOBACCO & FOODS LLP D/B/A HBI INTERNATIONAL,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL COAST AGRICULTURE, INC.,<br><br>Defendant. | Case No. 21-mc-80189-DMR<br><br>**ORDER GRANTING MOTION TO COMPEL**<br><br>Re: Dkt. Nos. 1, 6 |

This matter seeks enforcement of a subpoena duces tecum related to a trademark infringement case pending in the U.S. District Court for the District of Arizona. *See BBK Tobacco Foods LLP v. Cent. Coast Agric.*, No. 19-cv-5216-MTL (D. Ariz.). Plaintiff BBK Tobacco Foods LLP ("BBK") issued a subpoena to C3 Delivery ("C3"). BBK contends that C3 is the source of an advertisement that may constitute evidence of trademark infringement. [Docket No. 1.] After C3 failed to acknowledge the subpoena, BBK filed this motion to compel C3's response. [Docket No. 1.] ("Mot."). This matter is suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons stated below, the court grants BBK's motion.

**I.     BACKGROUND**

BBK, doing business as HBI International, is a commercial seller of "roll your own" cannabis smoking products under a number of brands, including the "RAW" mark. Defendant Central Coast Agriculture ("CCA") is a cannabis producer and distributer that operates under the label "Raw Garden." BBK alleges that it found online advertisements by dispensaries for a product made from RAW-branded papers that had been prefilled with smoking material and were being offered for sale in a package marked with CCA's "Raw Garden" label. Mot. at 2-3;

Declaration of James Rigberg ("Rigberg Decl.") ¶¶ 8-9 [Docket No. 1-1]. BBK contends that the advertisements are relevant to its claim for trademark infringement against CCA. Mot. at 3. BBK issued subpoenas to multiple entities that operate California-based dispensaries including C3 that BBK determined were the sources of the advertisements. Rigberg Decl. ¶¶ 10-11. The subpoena seeks information from C3 regarding its purchase of the potentially infringing product, such as the dates, quantities, prices and person or entity from whom C3 purchased the product. Mot. at 4.

On April 30, 2021, BBK's counsel directed issuance of the subpoena on C3. *Id.* ¶ 13; Rigberg Decl. Ex. 2 ("Subpoena"). The subpoena commanded C3 to produce documents at a location in San Francisco by May 14, 2021. Subpoena at 1. The subpoena was directed to Ms. Jackie Wolf at an address in McClellan, California. Subpoena at 2. The California Secretary of State names Wolf as C3's agent for service of process at the McClellan address. Declaration of Christine Klepacki ("Klepacki Decl.") ¶ 3, Ex. A [Docket No. 6-1.] According to the process server's notes, she made a first attempt at personal service on May 4, 2021 but was unsuccessful as the "[b]uilding was locked and no one appeared to be present." Rigberg Decl. Ex. 3 at 2. The next day, the server made a second attempt at personal service on the McClellan address. *Id.* She reported that a woman named Stephanie, who refused to provide her last name, answered the door and represented that she "was in charge of the front office at C3 Delivery, Inc." *Id.* "Stephanie stated Jackie Wolf was not present and she is authorized to accept service." *Id.* The process server certified that service of the subpoena was thereby accomplished on May 5, 2021 by delivering a copy to "C3 Delivery c/o Stephanie Doe." *Id.*

C3 did not respond to the subpoena by the May 14 response date, or anytime thereafter. Rigberg Decl. ¶ 18. BBK sought to follow-up with C3 through various means, including pursuing an ultimately futile effort to contact C3 through other parties that BBK determined might be associated with C3. *See* Rigberg Decl. ¶¶ 20-27.[1] Ultimately, BBK filed this motion to compel.

---

[1] BBK's papers recount a convoluted story about its attempts to contact an individual named Lawrence R. Webb, whom BBK speculated had some connection to C3 and whom it identified through responses to an identical subpoena BBK had served on another cannabis dispensary. Webb had been represented for limited purposes by San Diego-based attorney Ray Wagenknecht. BBK served this motion on Wagenknecht, who responded in writing that "I do not nor have I ever represented C3 Delivery, Inc.[;] I have never advised C3 Delivery, Inc. [and] I am not aware of

2

1  On September 8, 2021, the court ordered BBK to file proof that it had served C3 with this
2  motion. [Docket No 5.] On September 10, 2021, BBK filed a notice with accompanying
3  documents showing its various attempts to serve the motion on C3. [Docket No. 6.] The filing
4  indicates that BBK served a copy of the motion on Wolf at the McClellan address via U.S. mail on
5  August 13, 2021 and via certified mail on August 24, 2021. Klepacki Decl. ¶¶ 5, 13. BBK also
6  emailed a copy of the motion to the C3 email address with which counsel had previously directed
7  messages—albeit without any responses. *Id.* ¶ 4. BBK also endeavored to personally serve the
8  motion once at the McClellan address on August 18, 2021 but the process server reported that it
9  was a "[v]acant building." Klepacki Decl. Ex. D. BBK further attempted mail and personal
10 service at other addresses it located online in Oakland, Fresno, and San Diego, to no avail.
11 Klepacki Decl. ¶¶ 6-8, 10-12, 14-16.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena. Fed. R. Civ. P. 45. The Advisory Committee Notes to Rule 45 state that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules," which in turn is the same as under Rule 26(b). Advisory Committee Notes to 1970 Amendment; Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."). Federal Rule of Civil Procedure 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Relevancy, for the purposes of discovery, is defined broadly,

---

Lawrence Webb Jr.'s role in C3 Delivery, Inc." Klepacki Decl. Ex. C. Nevertheless, BBK spent considerable effort trying to obtain responses to the C3 subpoena from Webb and Wagenknecht, and to serve this motion on them and at addresses BBK found for C3 online.

3

1   although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234
2   F.R.D. 674, 679-80 (N.D. Cal. 2006). "[A] court determining the propriety of a subpoena
3   balances the relevance of the discovery sought, the requesting party's need, and the potential
4   hardship to the party subject to the subpoena." *Id.* at 680 (citation omitted).

5         Rule 45 requires service of a subpoena by "delivering a copy to the named person" and
6   proof by filing a certified statement "showing the date and manner of service and the names of the
7   persons served." Fed. R. Civ. P. 45(b). "The Ninth Circuit has not ruled whether Rule 45 requires
8   personal service." *In re Subpoena to VaughnPerling*, No. 19-m-00083, 2019 WL 8012372, at *3
9   (C.D. Cal. Dec. 2, 2019) (quoting *Chambers v. Whirlpool Corp.*, No. 11-cv-01733, 2016 WL
10  9451361, at *2 (C.D. Cal. Aug. 12, 2016)). "The majority of courts understand 'delivering' to
11  require personal service of the subpoena." *Fujikura*, 2015 WL 5782351, at *5 (collecting cases);
12  *see also* Charles A. Wright & Arthur R. Miller, 9A *Fed. Prac. & Proc. Civ.* § 2454 (3d ed.) ("The
13  longstanding interpretation of Rule 45 has been that personal service of subpoenas is required.").
14  However, "[s]ervice on a corporation's agent is sufficient" for Rule 45. Wright & Miller, *supra*,
15  § 2454.

16        Rule 45(g) authorizes that "[t]he court for the district where compliance is required . . .
17  may hold in contempt a person who, having been served, fails without adequate excuse to obey the
18  subpoena or an order related to it." *See also* Fed. R. Civ. P. 45(d)(3)(A) (requiring motions to
19  quash or modify a subpoena to be heard by "the court for the district where compliance is
20  required."). Therefore, "[t]he appropriate forum for a motion to enforce a third party subpoena is
21  in the district where compliance is required." *Am. Marriage Ministries v. Google, LLC*, No. 21-
22  mc-80040-SK, 2021 WL 1526757, at *1 (N.D. Cal. Apr. 12, 2021); *see Europlay Cap. Advisors,
23  LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018) ("[C]hallenges to the subpoena are to be heard
24  by the district court encompassing the place where compliance with the subpoena is required.").
25  For subpoenas seeking production of documents, the place of compliance is "a place within 100
26  miles of where the person resides, is employed, or regularly transacts business in person." Fed. R.
27  Civ. P. 45(c)(2)(A). "The issuing court otherwise lacks jurisdiction to enforce the subpoena if
28  compliance is required in another district." *Russell v. Maman*, No. 18-cv-06691-AGT, 2021 WL

3212646, at *1 (N.D. Cal. July 29, 2021); *see also Chambers*, 2016 WL 9451360, at *3 ("[T]he court lacks jurisdiction to compel [non-party] to comply with the subpoena because the subpoena requires compliance in [another district].").

"The court has discretion to determine whether to grant a motion to compel" compliance with a Rule 45 subpoena. *Fujikura Ltd. v. Finisar Corp.*, No. 15-mc-80110-JSC, 2015 WL 5782351, at *3 (N.D. Cal. Oct. 5, 2015) (citing *Garrett v. City & Cnty. of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987)). The court may compel compliance "where the nonparty has not formally objected but has instead failed to respond." *In re Subpoena to VaughnPerling*, 2019 WL 8012373, at *3.

Service of written motions and discovery papers must also be properly served under Federal Rule of Civil Procedure 5(a). "A motion may be served by various methods that may not be used to serve a summons." *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 928 (9th Cir. 2014). A motion is properly served by leaving it "in a conspicuous place in the office" of the recipient, "leaving it at the person's dwelling," or by "mailing it to the person's last known address." Fed. R. Civ. P. 5(b)(2); *see also* N.D Cal. Civ. L.R. 5-1(g)(2) (service of documents on persons who are not registered as electronic filers in a particular matter must be served a paper copy of the document).

### III. DISCUSSION

The court grants the motion to compel C3 to comply with the subpoena. BBK properly served the subpoena on C3 through personal service that was accepted by its authorized agent for service of process. The subpoena was served on an address in McClellan, California, which is within 100 miles of the address in San Francisco where C3 was commanded to produce documents.[2] San Francisco is located within the Northern District of California, which is therefore the appropriate forum in which to seek compliance with the subpoena. Moreover, BBK

---

[2] The court takes judicial notice of the geographical distance between the addresses in McClellan and San Francisco listed on the subpoena. *See United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 ("we take judicial notice of a Google map and satellite image as a 'source[ ] whose accuracy cannot reasonably be questioned,' at least for the purpose of determining the general location" (quoting Fed. R. Evid. 201(b)).

5

served C3 with this motion in accordance with Rule 5. BBK served the motion by U.S. mail and certified mail to C3's last known address—the location where the subpoena was successfully served.

Finally, the discovery is relevant and proportional to the needs of the case. The genesis for the underlying action was BBK's identification of online advertisements for the allegedly infringing Raw Garden product. BBK provides evidence that C3 was the source of one of these advertisements. Rigberg Decl. ¶¶ 10, 11. The subpoena seeks documents sufficient to identify all of C3's purchases and sales of an allegedly infringing product: "the 5-Pack Premium Indoor Flower .75g pre-roll joint by Raw Garden." Subpoena at 6. Documents that identify the seller of the allegedly infringing product are relevant to establishing whether CCA infringed on BBK's mark and could also be probative of customer confusion. Sales information is relevant to BBK's damages. The subpoena seeks documents for only one product and appears to be proportional to the needs of the case. Accordingly, the court grants BBK's motion to compel.

## IV. CONCLUSION

For the foregoing reasons, the court grants BBK's motion to compel compliance with the subpoena to C3 to produce documents in the action pending in the District of Arizona. As the fourteen-day deadline for objections has long passed, *see* Fed. R. Civ. P. 45(d)(2)(B), the court orders C3 to respond to the subpoena without objections within fourteen days of this order—i.e., by **December 8, 2021**. By **November 30, 2021**, BBK shall serve a copy of this order, the subpoena, and the motion, on C3 at the McClellan address via certified mail and any other manner of service provided under Federal Rule of Civil Procedure 5(b) and file a certificate of service.

The court notes that BBK's papers did not cite the relevant rules in the Federal Rules of Civil Procedure or any relevant authority. In any further submissions, BBK is reminded of its duty to provide argument *citing pertinent authority* and with a succinct statement of *relevant* facts. *See* N.D. Cal. Civ. L.R. 7-4(a)(4)-(5).

**IT IS SO ORDERED.**

Dated: November 24, 2021

Donna M. Ryu
United States Magistrate Judge

6